UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD WAYNE WHATLEY, CDCR #AG-2464,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　　vs.<br><br>A. GRAY, Correctional Supervising Cook,<br><br>　　　　　　　　　　Defendant. | Case No.: 3:17-cv-01591-DMS-NLS<br><br>**ORDER:**<br><br>**1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 2]**<br><br>**AND**<br><br>**2) DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) AND § 1915A(b)** |

　　　　REGINALD WAYNE WHATLEY ("Plaintiff"), currently incarcerated at Richard J. Donovon Correctional Facility ("RJD") in San Diego, California, and proceeding pro se, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1).

　　　　Plaintiff claims RJD's Supervising Cook, Defendant A. Gray, violated his "right to be free from racial discrimination" when she uttered a racial epithet in reference to him on January 27, 2017. (*Id.* at 8-11.) He seeks declaratory relief, nominal, general, punitive and "emotional and psychological damages." (*Id.* at 11-12.)

1

Plaintiff has not paid the civil filing fee required by 28 U.S.C. § 1914(a); instead he filed a Motion to Proceed In Forma Pauperis pursuant to 28 U.S.C. § 1915(a) (ECF No. 2), accompanied by a prison certificate and CDCR Inmate Statement Report pursuant to 28 U.SC. § 1915(a)(2) (ECF No. 3).

### I. Motion to Proceed In Forma Pauperis

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for ... the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

In support of his IFP Motion, Plaintiff has submitted a prison certificate authorized by an RJD accounting official and a copy of his CDCR Inmate Statement Report. *See* ECF No. 3; 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2; *Andrews*, 398 F.3d at 1119. These documents shows that while Plaintiff carried an average monthly balance of $16.70 and had average monthly deposits of $10.33 to his account over the 6-month period immediately preceding the filing of his Complaint, he had an available balance of only $.04 at the time of filing. *See* ECF No. 3 at 1, 3. Thus, the Court assesses Plaintiff's initial partial filing fee to be $3.34 pursuant to 28 U.S.C. § 1915(b)(1), but acknowledges he may be unable to pay that initial fee at this time. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available to him when payment is ordered.").

Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 2), declines to exact any initial filing fee because his prison certificate indicates he may have "no means to pay it," *Bruce*, 136 S. Ct. at 629, and directs the Secretary of the CDCR, or his designee, to instead collect the entire $350 balance of the filing fees required by 28 U.S.C. § 1914 and forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1). *See id.*

II.     **Initial Screening per 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)**

   A.     Standard of Review

Notwithstanding Plaintiff's IFP status or the payment of any partial filing fees, the

PLRA also obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these statutes, the Court must sua sponte dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

All complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

However, while the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the

4

petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

B. <u>Plaintiff's Allegations</u>

Plaintiff claims that on January 27, 2017, he and Defendant Gray, who is a supervising cook, "had a disagreement" about Plaintiff's job assignment. *See* ECF No. 1 at 8. After Correctional Officer Hurm "put [Plaintiff] on the line as [a] line server," Gray approached him, and admonished him for giving out too many french fries. *Id.* at 8-9. "After that[,] [Plaintiff] went back to pots and pans" because he felt Gray was "picking at [him]," but Hurm demanded his ID and told him Gray was "sending [him] back to [his] cell." *Id.* at 9. When Plaintiff asked Gray for an explanation, she became "upset," walked away, and said: "I'm tired of this black ass nigger." *Id.* Plaintiff admits he felt "disrespected" and "called her a bitch" in return, but claims he later apologized to Gray "so she would let [him] work when she [wa]s there." *Id.*

C. <u>42 U.S.C. § 1983</u>

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc*., 698 F.3d 1128, 1138 (9th Cir. 2012).

D. <u>Racial Discrimination</u>

First, to the extent Plaintiff claims Gray committed an act of "racial discrimination" based on her slur, the Court finds he has failed to allege facts sufficient to

5

3:17-cv-01591-DMS-NLS

support a plausible Fourteenth Amendment claim. Under the Equal Protection Clause, Plaintiff must allege facts showing or intimating he was discriminated against because of his race, religion, or national origin. *See Ashcroft*, 556 U.S. at 681. Allegations of discrimination need be "plausible," not merely "conceivable." *Id.* "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do."" *Id.* at 678 (internal citation and punctuation omitted).

"To state a claim under § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment plaintiff must show that the defendant[] acted with an intent or purpose to discriminate against [him] based on membership in a protected class." *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013) (internal quotation and citation omitted). To support such a claim, Plaintiff must allege facts to plausibly show discriminatory intent. *Id.*; *see also Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003); *FDIC v. Henderson*, 940 F.2d 465, 471 (9th Cir. 1991) (essential element of an equal protection claim is to allege that officials intentionally acted in a discriminatory manner, and with a discriminatory purpose). Verbal harassment alone, however, is not enough to constitute a discriminatory act or a violation of the Fourteenth Amendment's requirement of equal protection under the law. *Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997), *overruled on other grounds by Shakur v. Schriro*, 514 F.3d 878, 884 (9th Cir. 2008) (footnote omitted); *id.* at 738 n.6 ("Although not itself rising to the level of a constitutional violation, prison officials' use of abusive language directed at an inmate's religion may be evidence that prison officials acted in an intentionally discriminatory manner," but the verbal abuse alone is "not sufficient to state a constitutional violation.").

Here, Plaintiff's entire Complaint rests on one alleged offensive utterance by Defendant Gray, which arose in the heat of a culinary dispute and invoked Plaintiff's race. Critically, however, his pleading contains no additional facts to show that Gray took some further intentional action to discriminate against Plaintiff based on his race. Specifically, Plaintiff must allege that Gray took some course of action against him "because of,' not merely 'in spite of' [the action's] adverse effects upon an identifiable

group," *Feeney*, 442 U.S. at 279, and that she did so "not for a neutral … reason but for the purpose of discriminating on account of race." *Iqbal*, 556 U.S. at 677.

"[P]urposeful discrimination requires more than 'intent as volition or intent as awareness of consequences.'" *Iqbal*, 556 U.S. at 676 (quoting *Personnel Administrator of Mass. v. Feeney*, 442 U.S. 256, 279 (1979)). To state an equal protection claim, Plaintiff's Complaint must contain sufficient "factual content" to plausibly show his treatment was "invidiously dissimilar to that received by other inmates." *Seals v. Russell*, No. C 04-1569 SBA, 2007 WL 1697319 *7 (N.D. Cal. June 12, 2007). The discriminatory act must be purposeful. *Id.* And while racial epithets are "thoroughly offensive, and it is particularly reprehensible for a government official to utter them in the course of h[er] official duties," "the use of racially derogatory language, unless it is pervasive or severe enough to amount to racial harassment, does not not by itself violate the Fourteenth Amendment." *Blades v. Schuetzle*, 302 F.3d 801, 805 (8th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000); *Williams v. Bramer*, 180 F.3d 699, 705-06 (5th Cir. 1999).

Therefore, the Court finds Plaintiff's Fourteenth Amendment discrimination allegations fail to state a claim upon which § 1983 can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); § 1915A(b)(1); *Lopez*, 203 F.3d at 1126-27; *Rhodes*, 621 F.3d at 1004.

    F.    <u>Cruel and Unusual Punishment</u>

Plaintiff also claims Gray's behavior violated the Eighth Amendment. *See* ECF No. 1 at 11. The Eighth Amendment prohibits the infliction of "cruel and unusual punishments" on those convicted of crimes. *Wilson v. Seiter*, 501 U.S. 294, 297 (1991). Only those deprivations denying "the minimal civilized measure of life's necessities" are sufficiently grave to form the basis of an Eighth Amendment violation. *Id.* at 298. Prison officials must provide prisoners with adequate "food, clothing, shelter, sanitation, medical care and personal safety." *Toussaint v. McCarthy*, 801 F.2d 1080, 1107 (9th Cir. 1986). To be cruel and unusual, conduct that does not purport to be punishment at all

must involve more than ordinary lack of due care for the prisoner's interests or safety. *Wilson*, 501 U.S. at 298-99.

"Although courts do not condone name-calling, 'the exchange of verbal insults between inmates and guards is a constant, daily ritual observed in this nation's prisons.'" *Buckley v. Gomez*, 36 F. Supp. 2d 1216, 1221 (S.D. Cal. 1997), *aff'd*, 168 F.3d 498 (9th Cir. 1999) (quoting *Somers v. Thurman*, 109 F.3d 614, 622 (9th Cir. 1997)). While racial slurs are deplorable, verbally abusive or offensive behavior by itself does not violate the Eighth Amendment. *See Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987) (allegations that correctional counselor told plaintiff that he would transfer him to a higher custody status unit if he tried to go to the law library and that he would be sorry if he filed a class action suit were not actionable under § 1983); *Freeman*, 125 F.3d at 738 (abusive language directed at prisoner's religious and ethnic background not actionable); *Zavala v. Barnick*, 545 F. Supp. 2d 1051, 1057 (C.D. Cal. 2008) (simple verbal harassment does not constitute cruel and unusual punishment); *see also Puckett v. Seely*, No. 2:16-CV-0726-CMK, 2017 WL 1519360, at *6 (E.D. Cal. Apr. 27, 2017) (dismissing complaint sua sponte pursuant to 28 U.S.C. § 1915A and noting that "[w]hile the use of racial epithets is offensive, without more such verbal harassment is insufficient to state a claim for violation of the Eighth Amendment.").

Thus, because he has pleaded no facts to plausibly suggest Gray took some additional action against him that posed a substantial risk to Plaintiff's health or personal safety, her racial epithet, even if overheard by other correctional officers and other inmates, does not by itself constitute cruel and unusual punishment. *Zavala*, 545 F. Supp. 2d at 1060; *Oltarzewski*, 830 F.2d at 139; *Nicholas v. Ada Cty.*, No. 1:17-CV-00289-CWD, 2017 WL 4517966, at *2-3 (D. Idaho Sept. 20, 2017) (recommending dismissal of prisoner's racial epithet claims on both Eighth and Fourteenth Amendment grounds for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)), *adopted*, 2017 WL 4517962 (D. Idaho Oct. 10, 2017).

///

## III. Conclusion and Orders

For the reasons explained, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2);

2. **DIRECTS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by garnishing monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION;

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Scott Kernan, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001;

4. **DISMISSES** Plaintiff's Complaint for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b), and **GRANTS** him forty-five (45) days leave from the date of this Order in which to file an Amended Complaint which cures all the deficiencies of pleading noted, if he can. Plaintiff's Amended Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Plaintiff fails to file an Amended Complaint within the time provided, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), and his failure to prosecute in compliance with a court order requiring

amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED**.

Dated: October 26, 2017

Hon. Dana M. Sabraw
United States District Judge