UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD WAYNE WHATLEY, CDCR #AG-2464,<br><br>Plaintiff,<br><br>vs.<br><br>A. GRAY, Correctional Supervising Cook,<br><br>Defendant. | Case No.: 3:17-cv-01591-DMS-NLS<br><br>**ORDER DISMISSING AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii) AND § 1915A(b)(1)** |

REGINALD WAYNE WHATLEY ("Plaintiff"), currently incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, and proceeding pro se, has filed this civil rights action pursuant to 42 U.S.C. § 1983.

**I.      Procedural Background**

In his original Complaint, Plaintiff claimed RJD's Supervising Cook, Defendant A. Gray, violated his "right to be free from racial discrimination" when she uttered a racial epithet in reference to him on January 27, 2017. *See* ECF No. 1 at 8-11. He sought declaratory relief, nominal, general, punitive and "emotional and psychological damages." *Id.* at 11-12.

On October 26, 2017, the Court granted Plaintiff's Motion to Proceed In Forma Pauperis ("IFP"), and dismissed his Complaint sua sponte for failing to state a claim

1

pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A. *See* ECF No. 4. Because Plaintiff is proceeding without counsel, the Court explained his pleading deficiencies and granted him leave to fix them. *Id.* at 5-9.

On November 30, 2017, Plaintiff filed an Amended Complaint (ECF No. 5).

## II. Screening per 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)

Because Plaintiff remains a prisoner and is proceeding IFP, his Amended Complaint requires a pre-Answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). "The purpose of § 1915A is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

### A. <u>Standard of Review</u>

The Prison Litigation Reform Act requires the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these screening statutes, the Court must sua sponte dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

All complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Determining whether

a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)").

Thus, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

However, while the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

B.  Plaintiff's Allegations

In his Amended Complaint, Plaintiff no longer alleges Defendant Gray's racial epithet violated either his Eighth or his Fourteenth Amendment rights. *Cf.* ECF No. 1 at 8-9. Instead, Plaintiff now claims Gray's offensive slur defamed his character, that she

falsely documented his failure to report to work assignments, and that she did so in order to intentionally cause him emotional and psychological distress. *See* ECF No. 5 at 4-6. None of his allegations, however, state a claim upon which § 1983 relief may be granted.

    C.    <u>Analysis</u>

Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal citations omitted); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). "In § 1983 cases, it is the constitutional right itself that forms the basis of the claim." *Crater v. Galaza*, 508 F.3d 1261, 1269 (9th Cir. 2007).

First, Plaintiff's claims of "defamation of character," *see* ECF No. 5 at 1, 4, libel, or slander do not rise to the level of a federal constitutional violation. *See Paul v. Davis*, 424 U.S. 693, 699–701 (1976) (defamation not actionable under § 1983); *Hernandez v. Johnson*, 833 F.2d 1316, 1319 (9th Cir. 1987) (libel and slander claims precluded by *Paul*); *Sadler v. Dutton*, No. CV1600083HDLCJTJ, 2017 WL 3217119, at *6 (D. Mont. June 1, 2017), *report and recommendation adopted*, No. CV 16-83-H-DLC-JTJ, 2017 WL 3219479 (D. Mont. July 28, 2017).

Second, to the extent Plaintiff contends Defendant Gray "falsified [his] inmate monthly time log" by reporting he failed to report to his job assignment on two separate occasions in February 2017, and that this resulted in the issuance of a CDC 115 rules violation report ("RVR") based on his "refusal to work," *see* ECF No. 5 at 6, his allegations, even liberally construed to invoke his right to due process, still fail to state a claim upon which § 1983 relief may be granted. The issuance of a false RVR does not, by itself, support a claim under section 1983. *See, e.g., Ellis v. Foulk*, No. 14-cv-0802 AC P, 2014 WL 4676530, at *2 (E.D. Cal. Sept. 18, 2014) ("Plaintiff's protection from the arbitrary action of prison officials lies in 'the procedural due process requirements as set forth in *Wolff v. McDonnell*.' ") (citing *Hanrahan v. Lane*, 747 F.2d 1137, 1140 (7th Cir. 1984)); *Solomon v. Meyer*, No. 11-cv-02827-JST (PR), 2014 WL 294576, at *2 (N.D. Cal. Jan. 27, 2014) ("[T]here is no constitutionally protected right to be free from false

disciplinary charges.") (citing *Chavira v. Rankin*, No. C 11-5730 CW (PR), 2012 WL 5914913, at *1 (N.D. Cal. Nov. 26, 2012) ("The Constitution demands due process, not error-free decision-making.")); *Johnson v. Felker*, No. 1:12-cv-02719 GEB KJN (PC), 2013 WL 6243280, at *6 (E.D. Cal. Dec. 3, 2013) ("Prisoners have no constitutionally guaranteed right to be free from false accusations of misconduct, so the mere falsification of a [rules violation] report does not give rise to a claim under section 1983.") (citing *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989); *Freeman v. Rideout*, 808 F.2d 949, 951-53 (2d Cir. 1986)).

Third, Plaintiff claims Defendant Gray's actions amounted to an "intentional infliction of emotional and psychological distress ["IIED"]." *See* ECF No. 5 at 5. Section 1983, however, does not provide a cause of action for violations of state law, unless the violation of state law is also a violation of a federal constitutional right.[1] *Lovell v. Poway Unified Sch. Dist.*, 90 F.3d 367, 370 (9th Cir. 1996) ("Section 1983 limits a federal court's analysis to the deprivation of rights secured by the federal 'Constitution and laws.' 42 U.S.C. § 1983. To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress.").

---

[1] Even if Plaintiff had alleged facts sufficient to show Gray's racially offensive behavior rose to the level of an Eighth or Fourteenth Amendment violation, he still could not seek damages against her based solely on the emotional distress she caused. Pursuant to 42 U.S.C. § 1997e(e), a prisoner cannot pursue a damages claim for mental or emotional injury without showing that he suffered more than a *de minimis* physical injury. *See* 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."). "[F]or all claims to which it applies, 42 U.S.C. § 1997e(e) requires a prior showing of physical injury that need not be significant but must be more than de minimis." *Oliver v. Keller*, 289 F.3d 623 (9th Cir. 2002). In this case, Plaintiff does not allege *any* physical injury as a result of Gray's racial epithet, or the subsequent RVR issued against him. Therefore, his claims for damages based on his "emotional and psychological distress" are precluded by 42 U.S.C. § 1997e(e). *See e.g., Beck v. Brown*, No. 2:15-CV-1078 AC P, 2017 WL 4410168, at *3 (E.D. Cal. Oct. 4, 2017).

Finally, because Plaintiff has failed to allege that Defendant Gray violated his federal constitutional rights, any supplemental state law IIED claim he seeks to pursue may be dismissed without prejudice pursuant to 28 U.S.C. § 1367. The Court may "decline to exercise supplemental jurisdiction" over a state law claim if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c); *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine ... will point toward declining to exercise jurisdiction over the remaining state-law claims."); *see also Mimms v. California*, No. 17-CV-00507-BAS-KSC, 2017 WL 1346721, at *5 (S.D. Cal. Apr. 11, 2017) (dismissing prisoner's supplemental state law claims pursuant to 28 U.S.C. § 1367(c) in light of sua sponte dismissal of all federal claims pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A), *appeal dismissed*, No. 17-55601, 2017 WL 4995819 (9th Cir. May 16, 2017).

Accordingly, Plaintiff's Amended Complaint must be dismissed in its entirety for failing to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). *See Lopez*, 203 F.3d at 1126-27; *Rhodes*, 621 F.3d at 1004. Moreover, because Plaintiff has already been provided an opportunity to amend his claims to no avail, the Court denies further leave to amend as futile. *See Gonzalez v. Planned Parenthood*, 759 F.3d 1112, 1116 (9th Cir. 2014) ("'Futility of amendment can, by itself, justify the denial of ... leave to amend.'") (quoting *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)).

### III. Conclusion and Orders

For the reasons discussed, the Court finds Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted and **DISMISSES** this civil action without further leave to amend pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

The Court further **CERTIFIES** that an IFP appeal of this Order of dismissal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977)

(indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous).

The Clerk is **DIRECTED** to close the file.

**IT IS SO ORDERED**.

Dated: February 8, 2018

Hon. Dana M. Sabraw
United States District Judge